UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L.E.K. CONSULTING LLC,<br>*Plaintiff*,<br><br>v.<br><br>ROMARK GLOBAL PHARMA, LLC,<br>*Defendant*. | No. _____<br><br><br>COMPLAINT |

Plaintiff L.E.K. Consulting LLC, by and through its attorneys, alleges as follows:

## INTRODUCTION

1. Plaintiff L.E.K. Consulting LLC ("L.E.K.") and Defendant Romark Global Pharma, LLC ("Romark") (collectively, "Parties") entered an initial written agreement for consulting services ("Agreement") and a subsequent written agreement for additional services ("Extension"). L.E.K provided the agreed-upon services, but Romark failed to pay the agreed-upon fees and expenses. As a result, Romark currently owes nearly $2.5 million in fees, expenses, and interest to L.E.K. Despite its best efforts to resolve this matter without litigation, L.E.K. has been forced to file this civil action to collect.

## JURISDICTION

2. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), because (a) the amount in dispute exceeds the sum of $75,000, exclusive of interest and costs, and (b) there is diversity among the Parties: L.E.K., a limited liability company organized under the laws of Delaware, maintains its

1

principal place of business in Boston, Massachusetts; and Romark, a limited liability company organized under the laws of Puerto Rico, maintains its principal place of business in Manati, Puerto Rico.

3. In addition, this Court has personal jurisdiction over the Parties, because in the Agreement and Extension, the Parties consented to its jurisdiction.

## VENUE

4. Venue is proper in this district because in the Agreement and Extension, the Parties agreed that any claim arising out of, or in any way relating to, those contracts must be brought in this Court (or a state court located in New York).

## PARTIES

5. Plaintiff L.E.K. Consulting LLC is a global strategy consulting firm that provides strategic consulting services in a wide range of industries, including healthcare. L.E.K. maintains its U.S. headquarters at 75 State Street, 19th Floor, Boston, Massachusetts.

6. Defendant Romark Global Pharma, LLC is a global pharmaceutical corporation that has two FDA-approved products on the market and other products in development. Romark maintains its U.S. headquarters at PR-686 KM 1.5 Coto Norte, Manati, Puerto Rico.

## FACTS

7. On or about June 9, 2020, L.E.K. and Romark entered a written consulting agreement ("Agreement").

8. The primary objective of the consulting engagement was for L.E.K. to assist Romark in "addressing the strategic roadmap for NT-300," a new treatment for severe COVID-19 disease that Romark was then developing.

9. The Parties agreed that L.E.K. would commit a team of professionals to the project and that Romark would pay professional fees of $960,000 plus direct and indirect expenses.

10. As promised in the Agreement, L.E.K. successfully completed its consulting engagement for Romark.

11. On or about September 11, 2020, L.E.K. and Romark entered another written consulting agreement ("Extension"), which amended and expanded on the Agreement.

12. The primary objective of the second consulting engagement was for L.E.K. to continue through October 2, 2020, with its then-existing team "to complete [an] expanded set of deliverables" for Romark and, also, to provide through November 6, 2020, "ongoing support" with a smaller team as the "strategic office" for Romark.

13. The Parties agreed that, for these additional consulting services, Romark would pay professional fees of $530,000 plus direct and indirect expenses.

14. As promised in the Extension, L.E.K. successfully completed its additional consulting engagement for Romark.

15. Pursuant to the terms of the Agreement and Extension, L.E.K. issued six invoices to Romark for a total amount of $1,643,026 in fees and expenses for its consulting services, as set forth below:

| Date | Invoice | Consulting Fees | Indirect Expenses | Direct Expenses | Total |
|---|---|---|---|---|---|
| 6/30/2020 | l70-1790 | $260,000 | $23,400 | | $283,400 |
| 7/31/2020 | l70-1914 | $320,000 | $28,800 | | $348,800 |
| 8/28/2020 | l70-2034 | $320,000 | $28,800 | | $348,800 |
| 10/5/2020 | l70-2282 | $397,000 | $35,730 | | $432,730 |
| 11/6/2020 | l70-2499 | $193,000 | $17,370 | | $210,370 |
| 12/10/2020 | l70-2743 | | | $43,926 | $43,926 |
| | | | | | $1,643,026 |

16. On April 19, 2021, Romark made a partial payment of $25,000 toward the first invoice that L.E.K. issued on June 30, 2020 (l70-1790), but Romark has never made any other payment, as required by the Agreement and Extension, toward any of invoices that L.E.K. issued.

17. Romark has never disputed in writing the accuracy or validity of the invoices that L.E.K. issued, which are all based on and consistent with the Agreement and Extension.

18. To the contrary, in its written and verbal communications with L.E.K., Romark has acknowledged its obligation to pay L.E.K.'s invoices and, further, promised that Romark would eventually pay those invoices in full.

19. For example, in a series of emails over the past year, Marc Ayers, the Chief Executive Officer of Romark, acknowledged "the amounts due to L.E.K.," and he assured Mike Clabault, the Chief Financial and Operating Officer of L.E.K., that Romark would "make progress in paying [the outstanding] invoices."

20. On October 24, 2022, Ayers told Clabault that a possible recapitalization of Romark's debt "would be a positive development that could pave the way for

making payments with respect to L.E.K.'s invoices," but he added that Romark "d[id] not have anything else to offer at this time."

21. As of this filing, Romark has failed to pay L.E.K. in full for its consulting services, and a total of $1,634,206 in fees and expenses remains due.

22. In addition, the Agreement and Extension require Romark to pay interest on outstanding invoices at a rate of 18 percent per annum, and as of December 5, 2022, almost 2.5 years after L.E.K. issued its first invoice on June 30, 2020, a total of $790,353 in interest is due.

23. L.E.K. attempted to settle this dispute without resorting to litigation, but those efforts have proved unsuccessful, because Romark has failed to pay the outstanding invoices or to accept any reasonable resolution.

## CLAIMS

### Count I
### Breach of Contract (Agreement)

24. L.E.K. incorporates by reference all foregoing paragraphs and, in support of Count I, further alleges as follows:

25. L.E.K. and Romark entered the Agreement.

26. L.E.K. performed the Agreement by providing consulting services to Romark.

27. Romark breached the Agreement by failing to pay L.E.K. for its consulting services.

28. Due to the breach by Romark, L.E.K. has suffered damages.

## Count II
## Breach of Contract (Extension)

29. L.E.K. incorporates by reference all foregoing paragraphs and, in support of Count II, further alleges as follows:

30. L.E.K. and Romark entered the Extension.

31. L.E.K. performed the Extension by providing consulting services to Romark.

32. Romark breached the Extension by failing to pay L.E.K. for its consulting services.

33. Due to the breach by Romark, L.E.K. has suffered damages

## Count III
## Account Stated

34. L.E.K. incorporates by reference all foregoing paragraphs and, in support of Count III, further alleges as follows:

35. The Parties engaged in a transaction by which (a) L.E.K. agreed to provide consulting services to Romark and (b) Romark agreed to pay L.E.K. for its fees and expenses.

36. From June 30, 2020, through December 10, 2020, L.E.K. issued six invoices to Romark for the amounts due as payment for its consulting fees and expenses.

37. Romark has not objected to, or otherwise contested, the validity of the invoices that L.E.K. issued.

38. To the contrary, Romark has expressly and impliedly agreed to pay in full the amount that it owes to L.E.K., but Romark has failed to do so.

39. As of this filing, Romark has paid only $25,000 to L.E.K., and a result a balance of $1,643,026, plus interest of $790,353, for a total of $2,433,379, remains due to L.E.K.

### Count IV
### Unjust Enrichment

40. L.E.K. incorporates by reference all foregoing paragraphs and, in support of Count IV, further alleges as follows:

41. L.E.K. provided valuable consulting services to Romark.

42. Romark benefitted from the services that L.E.K. provided.

43. Romark has not fairly compensated L.E.K. for its services.

44. Because Romark has unfairly obtained a valuable benefit at the financial expense of L.E.K., equity and good conscience require Romark to pay for the consulting services that L.E.K. provided.

### Count V
### Quantum Meruit

45. L.E.K. incorporates by reference all foregoing paragraphs and, in support of Count V, further alleges as follows:

46. Acting in good faith, L.E.K. provided valuable services to Romark.

47. Romark accepted and benefitted from the services that L.E.K. provided.

48. The Parties expected Romark would fairly compensate L.E.K. for its consulting services.

49. As of this filing, however, Romark has not fairly compensated L.E.K. for its services; indeed, Romark has paid only $25,000.

50. As of this filing, and accounting for the one partial payment that Romark made, the reasonable value of the services that L.E.K. provided and that Romark accepted is $1,490,00 in fees plus $178,026 in expenses and $790,353 in interest, for a total of $2,433,379.

## PRAYER FOR RELIEF

51. WHEREFORE, Plaintiff L.E.K. Consulting LLC prays for the following:

    a. Damages in an amount to be determined at trial;

    b. Pre- and post-judgment interest;

    c. Attorneys' fees and costs; and

    d. All other relief as the Court may deem in the interest of justice.

Respectfully submitted,

**L.E.K. Consulting LLC**

By its attorneys,

/s/ Daniel N. Marx
Daniel N. Marx
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Tel: (857) 321-8360
*dmarx@fickmarx.com*

Dated: December 6, 2022